UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN M. BRODER,

    Plaintiff,

vs.                                      CASE NO. 05-CV-70365-DT
                                       HON. LAWRENCE P. ZATKOFF,

MARILYN RUBEN, et al.,

    Defendants.
_____/

## OPINION AND ORDER ADOPTING, IN PART, MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants filed a Motion to Dismiss Plaintiff's Complaint on April 21, 2005, to which Plaintiff responded, Defendants replied and Plaintiff subsequently filed additional documentation, including a Motion to Amend his Complaint. This matter is currently before the Court on Magistrate Judge Scheer's Report and Recommendation of July 14, 2005, in which the Magistrate Judge recommends that (1) Plaintiff's Motion to Amend be denied and that Plaintiff's Complaint be dismissed due to Plaintiff's failure to exhaust available administrative remedies, or (2) in the alterative, Plaintiff's Complaint be dismissed based on the lack of personal involvement by the seven defendants in the underlying acts giving rise to this action.

The Court has undertaken a thorough review of the court file, the Report and Recommendation, the objections to the Magistrate Judge's Report and Recommendation filed by the Plaintiff, the objections to the Magistrate Judge's Report and Recommendation filed by the Defendants and Plaintiff's objections to Defendant's objections. As a result of that review, the Court adopts that portion of the Report and Recommendation denying Plaintiff's Motion to Amend and dismissing Plaintiff's Complaint without prejudice for failure to exhaust administrative remedies as required under the Prison Litigation Reform Act of 1995, and as dictated by the precedent of the Sixth Circuit Court of Appeals in *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002). In addition, the Court enters such portion of the Report and Recommendation as the findings and conclusions of this Court.

The Court does not, however, reach or adopt that portion of the Report and Recommendation that would alternatively dismiss Plaintiff's Complaint based on the lack of involvement of the defendants in the underlying acts giving rise to this action. Having said that, the Court notes that in the absence of allegations that plead some specific personal wrongdoing on the part of each individual defendant that is sued, no cause of action will survive against such defendants. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 376 (1976); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend is DENIED and Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 11, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290